IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| VONTRAVIOUS RA'KIM JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-016 |
| | ) | |
| WARDEN, Wheeler Correctional Facility; | ) | |
| NIGHT STAFF, Wheeler Correctional | ) | |
| Facility; WHEELER CORRECTIONAL | ) | |
| FACILITY; WARDEN KURSEY; | ) | |
| WARDEN HAMILTON; and | ) | |
| LT. CUMBIE, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, incarcerated at Wheeler Correctional Facility ("WCF"), filed this case pursuant to 42 U.S.C. § 1983.  Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants.  Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.      **SCREENING THE AMENDED COMPLAINT**

A.      **BACKGROUND**

Plaintiff names the following Defendants in his amended complaint: (1) Wheeler Correctional Facility, (2) WCF Warden Kursey, (3) WCF Warden Hamilton , and (4) Lt. Cumbie. (Doc. no. 19, pp. 1-3.)  In his original complaint but not his amended complaint, Plaintiff also

named an (4) unidentified WCF warden and the (5) Night Staff at WCF.  (See doc. no. 1, pp. 1,
3.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present
screening, the facts are as follows.

In his amended complaint, Plaintiff references a gang attack after midnight on November
1, 2022, during which assailants robbed him and stabbed him seven times, resulting in wounds to
the face, hands, head, and chest. (Doc. no. 19, p. 5.)  "Neither defendant helped or was around
when the attack took place."  (Id. at 4-5.)  Plaintiff informed Defendant Cumbie of the incident
afterwards, who told Plaintiff he watched the attack on video.  (Id. at 8.)  Plaintiff was then moved
to segregation to recover; there he filed a grievance which was denied.  (Id. at 7.)

In his original complaint, Plaintiff provided the following account: On October 30, 2022,
Plaintiff's family contacted someone at WCF to have Plaintiff moved from a "gang dorm" for his
safety.  (Doc. no. 1, p. 4.)  Plaintiff was moved to another dorm that day, but just after midnight
three or four Blood Gang members assaulted and stabbed Plaintiff multiple times.  (Id.)  The gang
members also stole Plaintiff's personal property.  (Id.)  No officer was around the dorm to help
Plaintiff, and Plaintiff had to beat a door for minutes before he was taken to medical.  (Id.)  Plaintiff
was moved to segregation.  (Id.)  The inmates who stabbed Plaintiff were also moved to
segregation on November 2, 2022, but they were released back into the dorm three days later.  (Id.)
Plaintiff remained in segregation until at least the filing of the original complaint in January 2023.
(Id.)  He is now on medication and suffers from shock, lack of sleep, and panic attacks.  (Id.)

**B.    DISCUSSION**

**1.    Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous,
malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams,

490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson

v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483,

1490 (11th Cir. 1997)).

     To avoid dismissal for failure to state a claim upon which relief can be granted, the

allegations in the amended complaint must "state a claim to relief that is plausible on its face."

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That

is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not

require detailed factual allegations, "it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  An amended complaint is insufficient

if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'"

or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting

Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain

statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly,

550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

     The court affords a liberal construction to a pro se litigant's pleadings, holding them to a

more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94

(2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not

mean that the court has a duty to re-write the amended complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Fails to Associate Defendants With His Claims

Plaintiff does not name Defendants Kursey, Hamilton, or WCF in his statement of claim, listing them only on the sections of the form complaint reserved for listing Defendants.  (See doc. no. 19, pp. 1-5.)  Likewise, Plaintiff includes "Night Staff" and an unnamed warden in his original complaint, but never describes who those Defendants are what role they play in his claim in his amended complaint.  (Doc. no. 1, p. 3.)  Plaintiff therefore does not connect Defendants Kursey, Hamilton, WCF, Night Staff, and unidentified Warden with a purported constitutional violation, and they should be dismissed.  See West v. Atkins, 487 U.S. 42, 48 (1988) (requiring in § 1983 case allegation of violation of right secured by Constitution or laws of United States by person acting under color of state law); Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

Further, to the extent Plaintiff intended to name Defendants Kursey and Hamilton solely as wardens at WCF, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014); see Averhart v. Givens, No. 221CV01652CLMNAD, 2023 WL 2416392 (N.D. Ala. Feb. 2, 2023) (finding prison wardens not liable under § 1983 for an inmate injury from assault merely due

to their supervisory positions), *adopted by* 2023 WL 2411013 (N.D. Ala. Mar. 8, 2023).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants liable, Plaintiff must demonstrate that they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Plaintiff fails to mention by name Defendants Kursey and Hamilton in his statement of claim or anywhere in his amended complaint save the caption. Nor has Plaintiff alleged a causal connection between Defendants Kursey and Hamilton and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation); see also Piazza v. Jefferson Cnty., Alabama, 923 F.3d 947, 957 (11th Cir. 2019) ("[A]bsent allegations of personal participation . . . supervisory liability is permissible only if there is a 'causal connection' between a supervisor's actions and the alleged constitutional violation.")

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious,*

*flagrant, rampant and of continued duration*, rather than isolated occurrences." <u>Brown</u>, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. Plaintiff has not alleged (1) a history of widespread civil rights abuses by Defendants Kursey and Hamilton at WCF, (2) an improper custom or policy put in place by Defendants Kursey and Hamilton, or (3) an inference Defendants Kursey and Hamilton directed others to act, or knew they would act, unlawfully. Indeed, as already explained above, Plaintiff fails to state how Defendant Kursey or Hamilton have any role in his claims.

Therefore, Defendants Kursey, Hamilton, WCF, Night Staff, and unidentified Warden should be dismissed from this case for failure to state a claim.

### 3.     Plaintiff Fails to State a Claim Against Defendant WCF

Defendant WCF is not a proper party, as jails and prisons are not legal entities subject to liability in § 1983 claims. <u>See</u> <u>Jamelson v. Unnamed Defendant</u>, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); <u>Parks v. Georgia</u>, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"); <u>see also</u> <u>Brannon v. Thomas Cnty. Jail</u>, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (noting Thomas County Jail is not entity capable of being sued under Georgia law). As Defendant WCF is a state prison, it is not a proper party and the claims against it should be dismissed.

###### 4.    Plaintiff Fails to State a Failure to Protect or Intervene Claim

A prison official may violate an inmate's Eighth Amendment right by acting with deliberate indifference to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted).  Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates.  Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).  When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection.  Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured.  It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials."  Gullatte, 654 F.2d at 1012.  "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a § 1983 cause of action against prison officials for cruel and unusual punishment.  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'" Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34).  To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations

omitted).  These three elements are evaluated in part by an objective standard and in part by a

subjective standard.  See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir.

2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the
> court uses an objective standard.  The second element—the defendant's
> deliberate indifference to that risk—has two components:  one subjective and
> one objective.  To satisfy the subjective component, a plaintiff must produce
> evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced]
> a substantial risk of serious harm.  To satisfy the objective component, a plaintiff
> must produce evidence that the defendant disregard[ed] that known risk by
> failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983

liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be

based on simple negligence or lack of due care, but rather requires some sort of conscious

disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; see also Adams v. Poag,

61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere

negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence

or error in good faith.").

In the amended complaint, Plaintiff provides no facts suggesting any defendant knew

of any reason to believe there was a substantial risk to Plaintiff prior to the attack.  Because

the original complaint is no longer the operative pleading, the Court cannot consider Plaintiff's

allegations that prison officials were warned of some threat when Plaintiff's family members

called the prison.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016);

Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint

supersedes the initial complaint and becomes the operative pleading in the case").  Even so, Plaintiff's claims would still fail because, according to his original complaint, prison officials responded to whatever warning they received by removing Plaintiff from the dorm in question. Accordingly, Plaintiff fails to state a claim of deliberate indifference against any Defendant.

As to Plaintiff's allegations that Defendant Cumbie watched the attack on video and that Defendants did not help during the attack, a prison official can be liable under the Eighth Amendment for failing to take reasonable steps to protect a victim from an ongoing assault by another inmate.  See Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012) (per curiam) (citing Skritch v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002)).  As explained by the Eleventh Circuit, liability for a failure to intervene claim may be imposed when:  (1) another inmate's physical assault created a substantial, objective risk of injury, (2) of which a defendant is subjectively aware, (3) the defendant was in a position to intervene, and (4) the defendant did not respond reasonably to the risk of injury.  See Johnson v. Boyd, 568 F. App'x 719, 724-25 (11th Cir. 2014) (per curiam).  Plaintiff bears the burden of showing Defendants were in a position to intervene but did not do so.  See Ledlow, 500 F. App'x at 914.

The reasonable response requirement has been described as follows:

> "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Farmer, 511 U.S. at 844.  More succinctly, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."  Id. at 845.  We have said that a prison official violates the Eighth Amendment if he responds to a known risk "in an objectively unreasonable manner."  Cottone [v. Jenne], 326 F.3d 1352, 1358 (11th Cir. 2003).  An official responds to a known risk in an objectively unreasonable manner if "he knew of ways to reduce the harm but knowingly declined to act" or if "he knew of ways to reduce the harm but recklessly declined to act."  Hale [v. Tallapoosa Cty.,] 50 F.3d 1579, 1583 (11th Cir. 1995).

Rodriguez v. Sec'y for Dep't of Corr., 508 F.3d 611, 619-20 (11th Cir. 2007).

As noted, for liability to attach, prison officials must have been "in a position to intervene." Terry, 376 F. App'x at 896 (citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir. 1998)). An officer who fails to intervene in a fight between inmates can only be held liable if he "was physically able and had a realistic chance to intervene and act in time to protect the inmate plaintiff." Smith v. Andrews, CV 114-206, 2016 WL 6818755, at *4 (S.D. Ga. Nov. 16, 2016) (collecting cases), *adopted by*, 2016 WL 7197446 (S.D. Ga. Dec. 9, 2016) (Hall, C.J.); Seals v. Marcus, No. 1:11-CV-99 WLS, 2013 WL 656873, at *7 (M.D. Ga. Jan. 25, 2013) (same), *adopted by*, 2013 WL 663579 (M.D. Ga. Feb. 22, 2013).

Plaintiff offers no facts to support a claim that any Defendants were physically able to intervene, had a realistic chance to intervene, and could do so without unreasonably risking their own health and safety. Plaintiff does not explain who attacked him beyond "Blood Gang members," how long the attack lasted, whether any Defendants were aware that an assault was impending or occurring, how close in distance Defendants were to the assault, or in what manner Defendants could have reasonably intervened without an unreasonable risk to their own health and safety. Even if the assailant(s) was unarmed, "no rule of constitutional law requires unarmed officials to endanger their own safety in order to protect a prison inmate threatened with physical violence." Seals, 2013 WL 656873, at *8 (quoting Longoria v. Texas, 473 F.3d 586, 594 (5th Cir. 2006)); see also Winfield v. Bass, 106 F.3d 525, 532 (4th Cir. 1997) ("[A]ll of the authority of which we are aware leads to the conclusion that such heroic measures are not constitutionally required.").

Further, Plaintiff's allegations against Defendant Cumbie are unclear: while Plaintiff alleges Defendant Cumbie "watched the attack on video," he provides no further details such as, for example, whether Defendant Cumbie watched the attack as it occurred or later, how

long the attack lasted, and whether Defendant Cumbie could have arrived in time to stop it. For these reasons, Plaintiff fails to state a valid failure to protect or intervene claim against any Defendant.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of June, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA